# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FELIX R. EGIPCIACO-FIGUEROA, #26558-069**                        **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 5:08-cv-286-DCB-MTP**

**UNITED STATES OF AMERICA and BRUCE PEARSON**           **RESPONDENTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. On September 18, 2008, Petitioner Egipciaco-Figueroa, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Upon review of the Petition and Memorandum in Support filed by Petitioner, this Court has reached the following conclusions.

### Background

On May 2, 2005, Petitioner was convicted of conspiracy to distribute a controlled substance in the United States District Court for the District of Puerto Rico. Petitioner was sentenced to serve 235 months in prison. On February 2, 2007, the United States Court of Appeals for the First Circuit affirmed Petitioner's conviction and sentence. *United States v. Egipciaco-Figueroa*, Slip op. No. 05-2563 (1st Cir. Aug. 2, 2007). Petitioner's motion for post-conviction relief pursuant to 28 U.S.C. § 2255 was denied by the United States District Court for the District of Puerto Rico on June 17, 2008. *Egipciaco-Figueroa v. United States of America*, Civil No.08-1228, Criminal No.03-251 (D. Puerto Rico June 17, 2008).

Petitioner argues that his 235 month sentence is a violation of his constitutional rights

inasmuch as the plea agreement he entered into with the government was breeched.  Specifically, Petitioner states that his plea agreement estimated a criminal category of II, which would apply a sentencing guideline range of 210 months to 262 months. Petitioner further states that the plea agreement called for the government to recommend a sentence of 210 months.  However, Petitioner complains that the sentencing court incorrectly applied a criminal category of III to his sentencing guidelines computation, which carried a minimum sentence of 235 months.  Petitioner argues that this increased range did not follow the government's recommendation of a 210 month sentence, thereby violating his plea agreement.  Petitioner complains that his counsel was ineffective for allowing this "miscarriage of justice." *Mem. [2]*, p.6.  Petitioner requests that his conviction and sentence be vacated and remanded for re-sentencing as set forth in the plea agreement.

## Analysis

A Petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992);  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)(section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration).  By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack,* 218 F.3d at 451 (*quoting Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  In *Pack,* the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452.  Clearly, Petitioner has filed the instant § 2241 petition challenging alleged errors

2

that occurred during his federal sentencing by the District of Puerto Rico, which is not properly pursued in a § 2241 petition. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)("section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing").

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). Petitioner Egipciaco-Figueroa bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901.

The Court finds that Petitioner has failed to satisfy the test for filing this petition under

3

the savings clause of 28 U.S.C. § 2255. "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir.2000)(*citing United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992)).

Upon review of the Petitioner's § 2255 case filed in the District of Puerto Rico, it is clear that Petitioner has already litigated this issue. *See Egipciaco-Figueroa v. United States of America*, Civil No. 08-1228, Criminal No. 03-251 (D. Puerto Rico June 17, 2008). The Magistrate Judge entered a thorough Report and Recommendation, which was adopted by the Court, addressing Petitioner's claims and explaining to Petitioner that he was correctly, legally and constitutionally sentenced to 235 months of imprisonment. *Id.* "Section 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder,* 222 F.3d at 214. Moreover, the Fifth Circuit has clearly stated that "failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy." *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000); *see also Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000)("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective").

Since Petitioner is challenging the validity of his sentence in the instant petition and since he fails to satisfy the requirements of the savings clause, this Court is without jurisdiction to consider the claims brought in this § 2241 petition. Because the Court has found that it lacks jurisdiction to consider this petition, it will not address the merits of this case.

## Conclusion

For the reasons discussed in this Memorandum Opinion, the Court finds that it is without jurisdiction to consider this § 2241 petition. Accordingly, this case is dismissed with prejudice as to the jurisdictional issue only, and without prejudice regarding all other issues. *See Pack v. Yusuff*, 218 F.3d 448, 454-455 (5th Cir. 2000).

SO ORDERED, this the ___9th___ day of December, 2008.

                                                ___s/ David Bramlette___
                                                UNITED STATES DISTRICT JUDGE